HANCOCK COUNTY, OHIO
FILED
2019 MAY 24 AM 11:15
CATHY PROSSER WILCOX
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
HANCOCK COUNTY, OHIO

| | |
|---|---|
| **GREGORY WHITE SR.**<br>15313 County Road 60<br>Jenera OH 45841,<br><br>    Plaintiff,<br><br>v.<br><br>**REIMER LAW CO.**<br>c/o Dennis Reimer, agent<br>30455 Solon Rd.<br>Solon OH 44139<br><br>    Defendant. | ) CASE NO.: 2019 CV 189<br>)<br>)<br>) JUDGE: Starn<br>)<br>)<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) [Other Civil]<br>)<br>)<br>)<br>) |

Plaintiff, for his Complaint, states the following:

## INTRODUCTION

1. This class action seeks monetary relief to redress a persistent pattern of wrongful conduct committed by Reimer Law Co. (hereinafter, "Reimer"). Reimer files numerous collection law suits against Ohio debtors. Some of those law suits are filed in venues where the debtors do not live, and where there was no written contract signed within the venue. This causes unnecessary inconvenience to the debtor, and violates the federal Fair

**EXHIBIT A**

Debt Collection Practices Act, 15 U.S.C. 1692a, *et seq.*, ("FDCPA") including 15 U.S.C. 1692i.

## PARTIES

### Reimer

2. Reimer is a corporation organized under the laws of the State of Ohio, with a main office in Cuyahoga County, Ohio.
3. Reimer is a law firm.
4. Reimer regularly attempts to collect debts on behalf of its clients, as part of its regularly conducted business activities.
5. Reimer is engaged in the business of collecting debts.
6. Reimer's main practice area is debt collection.
7. Reimer is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

### Mr. White

8. Plaintiff Gregory White Sr. ("Mr. White"), is an individual, and a resident of Hancock County, Ohio.
9. Mr. White is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.
10. Mr. White brings this action on behalf of himself and a class of individuals as described below.

## STATEMENT OF FACTS

11. At all times relevant, Mr. White was a resident of Hancock County, Ohio.
12. Prior to 2015, Mr. White co-signed several student loans to assist his son Gregory White Jr. with college (the "Student Loans").

13. Reimer has alleged that Mr. White owes a balance on the Student Loans (the "Alleged Debt").

14. The Student Loans were taken out primarily for personal, family or household purposes, including Mr. White's son's college education.

15. Mr. White did not sign any written contract for the Alleged Debt in Mercer County, Ohio.

16. On May 29, 2018, Mr. White lived in Hancock County, Ohio.

17. On May 29, 2018, Reimer filed three civil law suits against Mr. White and his son in Mercer County, Ohio, in an attempt to collect the Alleged Debt (the "Collection Suits").

18. Reimer caused Mr. White to be served at his home in Hancock County, Ohio with a summons and copy of the complaint for each of the Collection Suits.

## APPLICABLE LAW

19. Section 1692i of the FDCPA prohibits debt collectors such as Reimer from bringing legal actions against consumers in a judicial district other than where the consumer resides at the commencement of the action or where the consumer signed a contract sued upon.

## CLASS ALLEGATIONS

20. Reimer routinely files numerous collection law suits against Ohio residents.

21. Reimer is one of the top collection firms in Ohio, in terms of volume of suits filed, especially for private student loan debts.

22. Upon information and belief, Reimer regularly files collection law suits against Ohio residents in judicial districts where the defendant does not live and did not sign a contract upon which Reimer sued.

23. Reimer's actions of suing consumers in venues where the consumers do not live and did not sign a contract upon which Reimer was suing, violate the FDCPA.

24. Pursuant to Civ. R. 23, Mr. White brings this action on behalf of himself and all other persons similarly situated.

25. The class which Mr. White seeks to represent is composed of:

   a. All individuals who have been sued by Reimer Law Co. (hereafter, "Reimer Law") in an Ohio court in an attempt to collect an alleged debt;

   b. within one year of the filing of this case, through the present;

   c. where the individual incurred the alleged debt primarily for personal, family or household purposes; and

   d. where the suit was filed in a court in whose territorial jurisdiction the individual did not live at the time suit was filed, and in which the individual did not sign a contract upon which Reimer Law was suing.

26. The proposed class is so numerous that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, are readily ascertainable from Reimer's business records, and/or from public records.

27. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.

28. These questions include, *inter alia*:

   a. whether Reimer has filed suit in Ohio Courts against residents who do not live within the court's territorial jurisdiction and who did not sign a contract in the jurisdiction, upon which Reimer is suing; and

   b. whether Reimer's acts violate the FDCPA, including 15 U.S.C. 1692i.

29. Proof of a common set of facts will establish the liability of Reimer and the right of each member of the class to recover.

30. Mr. White's claims are typical of those of the class he seeks to represent, and he will fairly and adequately represent the interests of the class.

31. Mr. White is represented by counsel that is competent and experienced in both consumer protection and class action litigation.

32. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendant Reimer, and would establish incompatible standards of conduct for Reimer.

## CLAIM FOR RELIEF

33. Mr. White incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and restated herein.

34. Reimer filed suit against Mr. White in the Mercer County Court of Common Pleas, in whose territorial jurisdiction he did not live at the time the suit was filed, and in which he did not sign a contract sued upon.

35. Reimer's conduct as outlined herein violates the FDCPA, specifically 15 U.S.C. § 1692i.

36. As a result of the above violations of the FDCPA, Reimer is liable to Mr. White, and each class member for: (1) pro rata statutory damages in the amount of one percent (1%) of the net worth of Reimer, not to exceed $500,000; (2) additional relief as the Court may allow; and (3) costs and reasonable attorney fees. 15 U.S.C. § 1692k(a).

WHEREFORE, Plaintiff Gregory White Sr. respectfully requests relief, on behalf of himself and each class member, as follows:

a. Statutory damages available pursuant to 15 U.S.C. § 1692k;

b. An appropriate class representative incentive award;

c. Costs and reasonable attorney's fees, pursuant to the 15 U.S.C.A. § 1692k and other applicable law; and

d. Such other and further relief as this Honorable Court deems proper.

Respectfully submitted,

Gregory S. Reichenbach (0077876)
P.O. Box 711
Perrysburg, OH 43552-0711
PH: (419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com

Attorney for Plaintiff