## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **GREGORY WHITE SR.,** | ) | **CASE NO. 3:19-cv-1430** |
| Plaintiff, | ) ) | **JUDGE** |
| v. | ) ) ) | |
| **REIMER LAW CO.** | ) ) | **DEFENDANT REIMER LAW CO.'S ANSWER TO PLAINTIFF'S CLASS** |
| Defendant. | ) ) ) | **ACTION COMPLAINT** |
| | ) | **(JURY DEMAND ENDORSED HEREON)** |

**NOW COMES** Defendant Reimer Law Co. ("Reimer Law") in Answer to Plaintiff Gregory White Sr.'s ("White") Class Action Complaint and specifically states as follows:

### INTRODUCTION

1. Paragraph 1 of White's Complaint contains statements, including characterizations of White's claims to which no response is required. To the extent that it does require a response, Reimer Law denies the allegations and conclusions of law, including allegations of wrongdoing contained in Paragraph 1 of White's Complaint.

### PARTIES

### Reimer

2. Defendant Reimer Law is a corporation organized under the laws of the State of Ohio, with its principle place of business in Cuyahoga County, Ohio.

3. Reimer Law is a corporation that engages in the practice of law.

4. Reimer Law admits that it engages in the practice of law and at certain times it represents clients protecting their legal and equitable interests and to resolve outstanding debts.

5. Reimer Law admits that it engages in the practice of law and that at certain times it represents clients protecting their legal and equitable interests and to resolve outstanding debts.

6. Reimer Law admits that it engages in the practice of law and that at certain times it represents clients protecting their legal and equitable interest and to resolve outstanding debts and denies as stated the remaining allegations and conclusions of law contained in Paragraph 6 of Plaintiff's Complaint.

7. Reimer Law admits that at certain times it has represented clients protecting their legal and equitable interests and to resolve outstanding debts and that it may be deemed as a "debt collector," depending on the particulars of each individual debt, the debtor, and actions taken.

### Mr. White

8. Reimer Law denies for want of knowledge the allegations and conclusions of law contained in Paragraph 8 of Plaintiff's Complaint.

9. Reimer Law denies for want of knowledge that Mr. White is a "consumer" as defined by the FDCPA.

10. In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Reimer Law admits that White is attempting to assert certain class claims on behalf of himself and others, but denies that any class exists or is properly certifiable.

### **STATEMENT OF FACTS**

11. Reimer Law denies for want of knowledge the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Reimer Law admits that Mr. White co-signed several student loans for which his son was the Borrower and denies for want of knowledge the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Reimer Law denies for want of knowledge the allegations contained in Paragraph 13 of Plaintiff's Complaint, and further answering admits that Reimer Law filed a collection suit to resolve certain outstanding debts.

14. Reimer Law denies for want of knowledge that the Student Loans were taken out primarily for personal, family or household purposes, including Mr. White's son's college education.

15. Reimer Law denies for want of knowledge the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Reimer Law denies for want of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Reimer Law admits that it filed lawsuits to resolve Mr. White and his son's outstanding debts and further answering, admits that the complaint in the civil lawsuit speaks for itself.

18. Reimer Law admits that it caused Mr. White to be served at his address in Jenera, Ohio and that the summons and complaint for each of the collection suits speaks for themselves.

## **APPLICABLE LAW**

19. Paragraph 19 of Plaintiff's Complaint contains statements, including characterizations of § 1692i of the FDCPA. To the extent that it requires a response, Reimer Law denies the characterization of § 1692i of the FDCPA as Paragraph 19 does not fully set forth the entirety of § 1692i of the FDCPA.

## CLASS ALLEGATIONS

20. Defendant Reimer Law admits that it is a law firm that at certain times represents clients protecting their legal and equitable interests and to resolve outstanding debts, and denies as stated the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Reimer Law admits that it is a law firm that at certain times represents clients protecting their legal and equitable interests and to resolve outstanding debts, and denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Reimer Law denies the allegations and conclusions of law contained in Paragraph 22 of Plaintiff's Complaint and further denies that any class exists or is properly certifiable.

23. Reimer Law denies the allegations and conclusions of law contained in Paragraph 23 of Plaintiff's Complaint and further denies that any class exists or is properly certifiable.

24. In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Reimer Law admits that White is attempting to assert certain class claims on behalf of himself and others, but denies that any class exists or is properly certifiable.

25. In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Reimer Law admits that White is attempting to assert certain class claims on behalf of himself and others, but denies that any class exists or is properly certifiable.

26. Reimer Law denies the allegations and conclusions of law contained in Paragraph 26 of Plaintiff's Complaint, denies that the identity of each individual member of the class can be ascertained from the Reimer Law firm's business records and/or from public records and denies that the Plaintiff has any evidence to support the allegation that the proposed class is so

numerous. It is purely speculative. Further answering, denies that any class exists or is properly certifiable.

27. Reimer Law denies the allegations and conclusions of law contained in Paragraph 27 of Plaintiff's Complaint and denies that any class exists or is properly certifiable. Reimer Law further denies that there are any questions of law and fact in common to the proposed class that predominate over questions affecting any individual member, or legal or factual basis to support a class action.

28. Reimer Law denies that any class exists or is properly certifiable and further answering states that it contains legal conclusions to which either requires no response or are denied.

29. Reimer Law denies the allegations and conclusions of law contained in Paragraph 29 of Plaintiff's Complaint, and denies that any class exists or is properly certifiable.

30. Reimer Law denies the allegations and conclusions of law contained in Paragraph 30 of Plaintiff's Complaint, and denies that any class exists or is properly certifiable.

31. Reimer Law denies for want of knowledge whether Plaintiff's attorney is competent and experienced in consumer protection and class action litigation and further answering denies that any class exists or is properly certifiable.

32. Reimer Law denies the allegations and conclusions of law contained in Paragraph 32 of Plaintiff's Complaint, and denies that any class exists or is properly certifiable. Defendant Reimer Law further denies there is any legal or factual basis to support a class action.

## **CLAIM FOR RELIEF**

33. In response to Paragraph 33 of Plaintiff's Complaint, Defendant Reimer Law reaffirms and restates Paragraphs 1-32 of this Answer as if fully incorporated herein.

34. Reimer Law denies the allegations and conclusions of law contained Paragraph 34 of Plaintiff's Complaint.

35. Reimer Law denies the allegations and conclusions of law contained Paragraph 35 of Plaintiff's Complaint.

36. Reimer Law denies the allegations and conclusions of law contained Paragraph 36 of Plaintiff's Complaint, and denies that Plaintiff and/or the purported class has been damaged.

Defendant Reimer Law denies each and every remaining allegation of Plaintiff's Complaint, not previously admitted herein to be true, controverts the prayer set forth below Paragraph 36 of Plaintiff's Complaint, not previously admitted herein to be true, and requests judgment in favor of Defendant Reimer Law Co.

## **FURTHER AND ADDITIONAL DEFENSES**

1. While expressly denying any violation of the FDCPA, if Defendant Reimer Law did commit a violation, such violation was a result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. White's Complaint fails, in whole or in part, for failure to state a claim upon which relief may be granted.

3. White has no standing under the FDCPA to bring this lawsuit.

4. This Court does not have subject matter jurisdiction over White or the claims of the alleged class, including but not limited to disturbing any judgments entered by other courts and because there is no case or controversy under Article III.

5. One or more of White's claims or claims of the alleged class are barred by the applicable one year statute of limitations codified in 15 U.S.C. § 1692k(d) and/or laches.

6. One or more of White's claims or the claims of the alleged class are barred by the doctrine of waiver, laches, and/or estoppels, set-off, accord and satisfaction, acquiescence, compromise and settlement and/or avoidable consequences, to the extent that they are applicable.

7. One or more of White's claims or the claims of the alleged class are barred by the doctrine of unclean hands and/or *in pari delicto*, to the extent that they are applicable.

8. White is not entitled to equitable relief since he has an adequate remedy at law.

9. This Court does not have subject matter jurisdiction over one or more of White's claims or claims of the alleged class, including, but not limited to, disturbing any judgments entered by other courts.

10. White's claims or the claims of the alleged class are barred by *res judicata*, collateral estoppel, and/or issue preclusion.

11. White's damages, if any, and those of the alleged class, if any, were caused by his or their own acts or omissions.

12. White's damages, if any, and those of the alleged class, if any, were caused by persons or entities other than this answering Defendant, and whom for which this Defendant exercises no control.

13. White and members of the alleged class have failed to mitigate their damages, if any.

14. White and members of the alleged class are not entitled to punitive damages, and any award of punitive damages could violate Defendant's due process rights under the U. S. Constitution.

15. To the extent White or the class has sustained injuries, damages or losses that have been subject to compensation by collateral resources or otherwise, any recovery to which he or they might otherwise be entitled is barred or reduced thereby.

16. White's purported class action claims must be dismissed for failure to satisfy the requirements of Rule 23.

17. The Professional Judgment Rule bars any claims against Defendant Reimer Law Co.

18. Plaintiff White is not an adequate class representative.

19. With respect to absent putative class members, Defendant Reimer Law Co. reserves all affirmative defenses and claims, including, but not limited to, defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, *bona fide error* defense, failure to state a claim, and/or other any other claims or counterclaims as may be appropriate.

20. White and the putative classes' claims are barred to the extent he/they acted *pro se* and/or were represented by counsel at all relevant times.

21. Defendant Reimer Law Co. has at all times acted in good faith and without malice.

22. White's claims and those of the purported class are barred by the Colorado River Abstention Doctrine, Rooker- Feldman Doctrine, and Noerr-Pennington Doctrine.

23. Some of the class claims may be barred by bankruptcy and/or judicial estoppel.

24. Defendant Reimer Law Co. reserves the right to amend its Answer to Plaintiff's Complaint, and to add, modify or delete Additional Defenses as further circumstances may warrant.

**WHEREFORE**, Defendant Reimer Law Co. respectfully prays that this action be dismissed, with prejudice, at Plaintiff's costs, and that it be awarded its reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted,

s/Lori E. Brown
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310 Telephone
(216) 241-1608 Fax
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
*Counsel for Defendant Reimer Law Co.*

## JURY DEMAND

Defendant herein demands a trial by jury on all issues triable by a jury in this action.

s/Lori E. Brown
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
*Counsel for Defendant Reimer Law Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

s/Lori E. Brown
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
*Counsel for Defendant Reimer Law Co.*